UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

ERIKA HERRERA,

                        Plaintiff,

-against-

HILLSIDE AUTO MALL INC., dba HILLSIDE AUTO OUTLET, LIBERTY AUTOLAND INC., and CAPITAL ONE AUTO FINANCE, INC. a division of CAPITAL ONE, N.A.[1],

                        Defendants.

No. 1:21-cv-4943-FB-TAM

**Jury Demanded**

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Hillside Auto Mall Inc. d/b/a Hillside Auto Outlet ("Hillside") and Liberty Autoland Inc. ("Liberty") (collectively, "Dealer Defendants"), by and through their undersigned attorneys, Mestechkin Law Group, P.C., hereby answers the Summons and Complaint of Plaintiff Erika Herrera, dated on June 15, 2021, as follows:

### *Answering the Nature of This Action*

1. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2. Dealer Defendants admit that paragraph 2 of the complaint purports to allege claims for breach of express and implied warranties, violations of the Magnuson-Moss Warranty Act, New York General Business Law §§ 349 & 350, and common law claims or fraud, but deny that the complaint states any causes of action thereunder.

### *Answering the Parties*

3. Dealer Defendants lack knowledge or information sufficient to form a belief as to

---

[1] Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One Defendant") is improperly named in the Complaint as "Capital One Auto Finance, Inc. a division of Capital One, N.A". Capital One Auto Finance, Inc. is not an actual entity, rather, Capital One Auto Finance is a "doing business as" moniker for defendant Capital One, N.A."

1

the allegations of Paragraph 3 of the Complaint and therefore deny them.

   4.  Defendant Hillside admits the allegations of Paragraph 4 of the Complaint.

   5.  Defendant Liberty admits the allegations of Paragraph 5 of the Complaint.

   6.  Dealer Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore deny them.

   7.  Dealer Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore deny them.

   8.  Dealer Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore deny them.

### *Answering the Facts*

   9.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore deny them.

   10.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore deny them.

   11.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny them.

   12.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny them.

   13.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore deny them.

   14.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny them.

   15.  Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore deny them..

16. Dealer Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore deny them.

18. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore deny them.

19. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore deny them.

20. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore deny them

21. Dealer Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Dealer Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Dealer Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Dealer Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Dealer Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Dealer Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Dealer Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Dealer Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Dealer Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Dealer Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Dealer Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Dealer Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Dealer Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Dealer Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Dealer Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Dealer Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Dealer Defendants deny the allegations in Paragraph 37 of the Complaint.

### *Answering the First Cause of Action NY UCC §2-313*
### *(Breach of Express Warranty)*

38. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

39. Dealer Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Dealer Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore deny them.

42. Dealer Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Dealer Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Dealer Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Dealer Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Dealer Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and therefore deny them.

48. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and therefore deny them.

49. Denied as stated. Paragraph 49 of the Complaint asserts allegations in the form of compound sentences or is too vague and ambiguous to permit a proper response.

50. Dealer Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Dealer Defendants deny the allegations in Paragraph 51 of the Complaint.

### *Answering the Second Cause of Action NY UCC §2-314*
### *(Implied Warranty of Merchantability)*

52. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

53. Dealer Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Dealer Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore deny them.

56. Dealer Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Dealer Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Dealer Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Dealer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and therefore deny them.

60. Dealer Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Dealer Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Dealer Defendants deny the allegations in Paragraph 62 of the Complaint.

### *Answering the Third Cause of Action NY Vehicle and Traffic Law §417*

63. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

64. Dealer Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint purports to set forth a legal standard as to which no response is required.

66. Paragraph 66 of the Complaint purports to set forth a legal standard as to which no response is required.

67. Paragraph 67 of the Complaint purports to set forth a legal standard as to which no response is required.

68. Dealer Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Dealer Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Dealer Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Dealer Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Dealer Defendants deny the allegations in Paragraph 72 of the Complaint.

### *Answering the Forth Cause of Action Magnusson Moss Warranty Act (15 U.S.C. §§ 2301, et seq.)*

73. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

74. Dealer Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Dealer Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Dealer Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Dealer Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Dealer Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Dealer Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Dealer Defendants deny the allegations in Paragraph 80 of the Complaint.

### *Answering the Fifth Cause of Action Deceptive Trade Practices (N.Y. Gen. Bus. Law §350 – Against the Dealer Defendants)*

81. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

82. Paragraph 82 of the Complaint purports to set forth a legal standard as to which no response is required.

83. Dealer Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Dealer Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Dealer Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Dealer Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Dealer Defendants deny the allegations in Paragraph 87 of the Complaint.

### *Answering the Sixth Cause of Action Deceptive Acts and Practices (N.Y. Gen. Bus. Law §349 – Against the Dealer Defendants)*

88. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

89. Dealer Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Dealer Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Dealer Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Dealer Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Dealer Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Dealer Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Dealer Defendants deny the allegations in Paragraph 95 of the Complaint.

### *Answering the Seventh Cause of Action Common Law Fraud (Against the Dealer Defendants)*

96. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

97. Dealer Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Dealer Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Dealer Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Dealer Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Dealer Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Dealer Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Dealer Defendants deny the allegations in Paragraph 103 of the Complaint.

### *Answering the Eighth Cause of Action*

*(Breach of Warranty of Title)*

104. Dealer Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

105. Paragraph 105 of the Complaint purports to set forth a legal standard as to which no response is required.

106. Dealer Defendants deny the allegations in Paragraph 106 of the Complaint.

107. Dealer Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Dealer Defendants deny the allegations in Paragraph 108 of the Complaint.

*Prayer for Relief*

Dealer Defendants deny that Plaintiff is entitled to any relief whatsoever that she seeks in her prayer for relief such that Defendants prays that Plaintiff's Complaint be dismissed with prejudice, or alternatively, that a judgment of no cause for action be entered in favor of Defendants and against Plaintiff, with costs and attorney fees to be awarded to Defendants as allowed by law.

*DEFENDANTS' AFFIRMATIVE DEFENSES*

*AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

109. That the Verified Complaint asserts claims against improper parties, where there is no basis in law or in fact for these entities to be party to this action.

*AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

110. That the Verified Complaint herein fails to state a cause of action upon which relief may be granted.

*AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

111. That the Dealer Defendants did not owe the Plaintiff any of the duties alleged in the Verified Complaint.

*AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

112. Upon information and belief, that whatever damages the Plaintiff may have sustained at the time and place mentioned in the Verified Complaint, these damages were caused in whole or in part by the culpable conduct of the said Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

113. To the extent Plaintiff has suffered any damages, which Defendant expressly denies, Plaintiff has failed to take any steps to mitigate its damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are barred by the doctrines of accord and satisfaction, election, failure of a condition precedent, novation, and mistake.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred by Plaintiff's failure of performance.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

119. Plaintiff's punitive damages claims are barred because Dealer Defendants did not act with malice or with reckless indifference and made good faith efforts to comply with all applicable laws.

**WHEREFORE**, Dealer Defendants respectfully request that the Court enter judgment as

follows:

    (a)    Dismissing Plaintiff's complaint;

    (b)    Granting Dealer Defendants its reasonable costs and attorneys' fees; and

    (c)    Granting such other and further relief as the Court deems just and proper.

Dated:    Brooklyn, New York  
           January 20, 2022

*/s/ Oleg A. Mestechkin*  
Oleg A. Mestechkin (OM4108)  
Wing K. Chiu, Esq. (WC5637)  
Nancy Lam, Esq. (NL4630)  
**MESTECHKIN LAW GROUP P.C.**  
1733 Sheepshead Bay Road, Suite 29  
Brooklyn, NY 11235  
Tel. (212) 256-1113  
Fax. (646) 365-2069  
om@lawmlg.com  
wkc@lawmlg.com  
nl@lawmlg.com

*Attorneys for Dealer Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 20, 2022 I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

             */s/ Nancy Lam*
             Oleg A. Mestechkin (OM4108)
             Wing K. Chiu, Esq. (WC5637)
             Nancy Lam (NL4630)
             **MESTECHKIN LAW GROUP P.C.**
             1733 Sheepshead Bay Road, Suite 29
             Brooklyn, NY 11235
             Tel. (212) 256-1113
             Fax. (646) 365-2069
             om@lawmlg.com
             wkc@lawmlg.com
             nl@lawmlg.com

             *Attorneys for Dealer Defendants Hillside Auto Mall*
             *Inc. d/b/a Hillside Auto Outlet, Liberty Autoland*
             *Inc., and Capital One.*