UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ERIKA HERRERA,

                Plaintiff,

            - against-

HILLSIDE AUTO MALL INC. d/b/a HILLSIDE AUTO
OUTLET, LIBERTY AUTOLAND INC., and CAPITAL
ONE AUTO FINANCE, INC. a division of CAPITAL
ONE, N.A.,

                Defendants.
--------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CV-04943 (OEM) (TAM)

ORELIA E. MERCHANT, United States District Judge:

This matter arises out of plaintiff Erika Herrera's ("Plaintiff") purchase of a used vehicle. Plaintiff alleges defendants "Hillside Auto Mall Inc., d/b/a Hillside Auto Outlet," "Liberty Autoland Inc.," and "Capital One Auto Finance, Inc., a division of Capital One, N.A." ("Defendants") failed to disclose the used vehicle's structural damage and salvaged title. *See generally* Notice of Removal by Defendant Capital One, N.A. d/b/a Capital One Auto Finance, Exhibit A at 3-17, Dkt. 1-1 (the "Complaint" or "Compl.").[1]

Plaintiff seeks monetary damages from Defendants for breach of express warranty under New York Uniform Commercial Code ("NYUCC") § 2-313; breach of implied warranty of merchantability under NYUCC § 2-314; and breach of New York Vehicle and Traffic Law § 417. *See id.* ¶¶ 38-72. Further, Plaintiff seeks monetary damages and a declaratory judgment against Defendants for violation of the Magnusson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (the "MMWA"). *See id.* ¶¶ 73-80. Additionally, Plaintiff seeks monetary damages from Hillside Auto Mall Inc. d/b/a Hillside Auto Outlet ("Hillside Auto Mall") and Liberty Autoland Inc. ("Liberty"),

---

[1] References to the Complaint are to the page numbers contained in the automatically generated ECF header.

in particular, for false advertising in violation of New York General Business Law § 350; deceptive acts and practices in violation of New York General Business Law § 349; common law fraud; and breach of warranty of title. *See id.* ¶¶ 81-108.

Before the Court is a motion for summary judgment filed by Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"), and non-party 161-10 Hillside Ave. Auto, LLC d/b/a Hillside Auto Outlet ("161-10 Hillside Ave. Auto") (Capital One and 161-10 Hillside Ave. Auto, collectively, "Movants").[2]

Also before the Court is Plaintiff's cross-motion for summary judgment on claims for "fraud by omission and intentional misrepresentation," "professional negligence and lack of due diligence," "breach of contract and duty of good faith and fair dealing," and "civil liability under New York's Deceptive Business Practices Act, General Business Law § 349." Opp'n at 40-41. Plaintiff additionally moves for default judgment as to Defendant Liberty. *Id.* at 43-44. Further, Plaintiff requests sanctions as to purported "litigation misconduct by defense counsel." *Id.* at 41-43.[3]

After a review of the summary judgment evidence, the Court finds that it lacks subject-matter jurisdiction.

---

[2] *See* Notice of Motion, Dkt. 87; Memorandum of Law in Support of Defendant Capital One Auto Finance and Non-Party 161-10 Hillside Ave Auto, LLC's Motion for Summary Judgment Under Fed. R. Civ. P. 56, Dkt. 87-2 (the "Motion" or "Mot."); Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. 87-3 ("Defs.' Rule 56.1"); Plaintiff Erika Esperanza Herrera Nieto's Memorandum of Law in Opposition to Defendant Capital One Auto Finance and Non-Party 161-10 Hillside Ave Auto, LLC's Motion for Summary Judgment Under Fed. R. Civ. P. 56, Dkt. 91 (the "Opposition" or "Opp'n"); Plaintiff's Response to Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, Dkt. 87-28 ("Pl.'s Rule 56.1 Response"); Reply Memorandum of Law in Further Support of Defendant Capital One Auto Finance and Non-Party 161-10 Hillside Ave Auto, LLC's Motion for Summary Judgment Under Fed. R. Civ. P. 56 and in Opposition to Plaintiff's Cross-Motion for Summary Judgment and Sanctions, Dkt. 87-72 (the "Reply"). The Court acknowledges Capital One's assertion that it was "erroneously named as 'Capital One Auto Finance, Inc. a division of Capital One, N.A.'" in the Complaint, Mot. at 1., and that "Capital One Auto Finance, Inc. a division of Capital One N.A." is "not an actual entity," Declaration of Oleg Mestechkin in Support of Defendants' Motion Under FRCP Rule 56 for Summary Judgment ¶ 4 n.1, Dkt. 87-1.

[3] Plaintiff filed these motions in opposition to the Movants' motion for summary judgment and not as standalone motions.

## BACKGROUND[4]

### A.  The Parties

*Pro se* Plaintiff is a natural person currently residing in Miami-Dade County, Florida. Compl. ¶ 3.  Movant and named Defendant Capital One is a national banking association with a headquarters located in McLean, Virginia.  Notice of Removal by Defendant Capital One, N.A. d/b/a Capital One Auto Finance ¶ 16, Dkt. 1 (the "Notice of Removal").  Specific to this matter, Capital One financed Plaintiff's purchase of the vehicle at issue.  Declaration of Giovanni Macias in Support of Capital One's Motion for Summary Judgment ¶ 8, Dkt. 87-5.  Movant, and self-declared "non-party," 161-10 Hillside Ave. Auto is a limited liability company doing business as Hillside Auto Outlet.  *See* Response to Plaintiff's Motions 48-58, 60, 61, and 62 at 1, Dkt. 66 at 2.

Non-movant and named Defendant Hillside Auto Mall is alleged to be a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business located at 150-01 Hillside Avenue, Jamaica, New York, 11432.  Notice of Removal ¶ 14.  Movants urge that Hillside Auto Mall is not to be confused with 161-10 Hillside Ave. Auto because the two entities do not share the same address or common officers; there has never existed a corporate relationship between the two companies; there has never been a contractual relationship between the two companies; and there has never been any business transacted between the two companies.  Defs.' Rule 56.1 ¶¶ 25-28; Declaration of Susan Zhivo in Support of Defendants' Motion Under FRCP Rule 56 for Summary Judgment ¶¶ 5-10, Dkt. 87-4 ("Zhivo Decl.").

---

[4] The following facts from the parties' Local Rule 56.1 statements are undisputed unless otherwise noted.

Defendant Liberty is alleged to be a car dealership and domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 177-16C Liberty Ave., Jamaica, New York, 11435.  Notice of Removal ¶ 15.

### B.  The Vehicle Purchase

On or about June 12, 2020, Liberty purchased a used 2017 Mazda CX-9 (Vehicle ID No. JM3TC-BCY8H-01340-64) (the "Vehicle") from JPMorgan Chase Bank at an auction.[5]  Defs.' Rule 56.1 ¶ 1.  The Vehicle's history, including incurred damage and inspections, was reflected in a CARFAX Vehicle History Report "based only on information supplied to CARFAX and available as of [June 22, 2020, at 12:29 p.m. CT]."  Zhivo Decl., Exhibit 11 at 2, Dkt. 87-16 (the "CARFAX Report").[6]  As of the date of the auction, the Vehicle was reportedly involved in two accidents, resulting in "moderate to severe" damage in the right rear end of the Vehicle as of December 11, 2017, and "minor" damage in the rear center section of the Vehicle as of February 20, 2020.  Defs.' Rule 56.1 ¶¶ 2-4; *See* CARFAX Report at 3-4.  As of December 16, 2019, the Vehicle passed a safety and emissions inspection by the New York Inspection Station.  Defs.' Rule 56.1 ¶ 5; CARFAX Report at 4.[7]

On June 21, 2020, Plaintiff offered to purchase the Vehicle from Liberty.  Defs.' Rule 56.1 ¶ 6.  On June 22, 2020, Liberty sold the Vehicle to 161-10 Hillside Ave. Auto.  Defs.' 56.1 ¶ 7; *see* Zhivo Decl., Exhibit 12 at 2-3, Dkt. 87-17.

A 161-10 Hillside Ave. Auto salesperson showed the CARFAX Report to Plaintiff, which she signed and dated on June 22, 2020.  Defs.' Rule 56.1 ¶¶ 10-11; Zhivo Decl., Exhibit 11 at 4,

---

[5] Plaintiff challenges "the authenticity and sufficiency of the 'Bill of Sale.'"  Pl.'s Rule 56.1 Response ¶ 1.

[6] Plaintiff challenges the credibility of the CARFAX Report.  *See* Opp'n at 32.

[7] References to Defendants' exhibits are to the page numbers contained in the automatically generated ECF header.

Dkt. 87-16. Movants state that, before Plaintiff purchased the Vehicle, the salesperson also presented Plaintiff with a copy of the Certificate of Title from JP Morgan Chase Bank. Defs.' Rule 56.1 ¶ 9; Zhivo Decl. ¶ 22; *see also* Opp'n at 19.

On June 22, 2020, Plaintiff entered into a Retail Installment Contract to purchase the Vehicle (the "Retail Installment Contract"). Defs.' Rule 56.1 ¶ 8. Plaintiff asserts that she was not informed that she was entering into the contract with 161-10 Hillside Ave. Auto. Pl.'s Rule 56.1 Resp. ¶ 8. The total price of the Retail Installment Contract was $27,149.81, of which $22,149.81 would be financed by Capital One. Defs.' Rule 56.1 ¶ 8; *see also* Zhivo Decl., Exhibit 13 at 2, Dkt. 87-18. 161-10 Hillside Ave. Auto assigned its rights under the Retail Installment Contract to Capital One. Defs.' Rule 56.1 ¶ 13. Plaintiff also signed a document with letterhead for 161-10 Hillside Ave. Auto that she was "willingly and responsibly" declining "any warranty for the vehicle purchased from us here at Hillside Auto Outlet." Pl.'s Exhibit 8 at 5; Dkt. 87-35.

The Retail Installment Contract provides that Plaintiff made a $5,000 down payment. Zhivo Decl., Exhibit 13 at 9.

### C. Plaintiff's Use of the Vehicle and Performance Under the Retail Installment Contract

Plaintiff and her husband used the Vehicle for their work as delivery drivers and drove the vehicle for 62,000 miles in total. Defs.' Rule 56.1 ¶¶ 14-15. Plaintiff serviced the Vehicle after three different incidents. *Id.* ¶ 16; Pl.'s Rule 56.1 Resp. ¶ 16. In December 2020, Plaintiff serviced the Vehicle after it was hit from behind while parked near her home in New Jersey. Defs.' Rule 56.1 ¶ 17. In June 2021, Plaintiff put defective gasoline in the Vehicle's gas tank, which required a mechanic to remove and clean out the tank. *Id.* ¶ 18. In March 2023, the Vehicle required repair after Plaintiff and her husband were involved in an accident with a motorcycle. *Id.* ¶¶ 20-21.

To date, Plaintiff has paid $9,795.75 under the Retail Installment Contract. *Id.* ¶ 32. Movants claim that she still owes Capital One a balance of $16,076.05. *Id.*

### D. Plaintiff's Complaints About the Vehicle's Title

Plaintiff claims that she did not know that the Vehicle had a salvage status until she attempted to register the Vehicle in New Jersey. Opp'n at 11. Plaintiff requested the title from Capital One to complete registration. *Id.* Capital One mailed her a copy of a title from the State of New Jersey, issued on September 22, 2020, showing that the Vehicle's status as "S" for salvage (the "September 22 Title"). *See id.* at 11; Pl.'s Exhibit 12, Dkt. 87-39 at 2.

### PROCEDURAL HISTORY

On June 15, 2021, Plaintiff, originally represented by counsel, commenced this action in New York Supreme Court, Queens County, against Defendants seeking a judgment in her favor on eight causes of action. *See generally* Compl. On September 1, 2021, Capital One, on consent of Hillside Auto Mall and Liberty, removed this action from state court to federal court. Notice of Removal by Defendant Capital One, N.A. d/b/a Capital One Auto Finance, Dkt. 1 ("Notice of Removal"); Consent to Removal, Dkt. 1-2.

On January 20, 2022, non-party Hillside Auto Outlet and Liberty filed a joint answer to the Complaint. *See generally* Defendants' Answer with Affirmative Defenses to Complaint, Dkt. 16. On the same day, Capital One filed its answer. *See generally* Capital One's Answer with Affirmative Defenses to Complaint, Dkt. 17.

On May 8, 2023, Plaintiff's counsel moved to withdraw, citing irreconcilable conflicts. *See* Declaration of Robert J. Nahoum in Support of Application to Withdraw as Counsel, Dkt. 28-1. On May 17, 2023, the Court granted his request. *See* Minute Entry and Order, dated May 17, 2023. Plaintiff thereafter indicated her intent to proceed *pro se*. Letter from Plaintiff to Hon. Taryn A. Merkl (May 31, 2023), Dkt. 31.

On November 4, 2024, Liberty's attorney filed a renewed motion to withdraw as its counsel. Status Report and Renewed Motion to Withdraw, Dkt. 63. The Court granted his motion on November 5, 2024, further directing Liberty to "clarify the status of the corporation's representation by 11/21/2024" and warning that "[f]ailure to have counsel appear for the corporate Defendant may result in corporate Defendant Liberty Autoland Inc. being found to be in default." Order, dated Nov. 5, 2024. To date, no counsel has appeared for Liberty.

The parties proceeded to discovery in April 2022, *see* Minute Entry and Order, dated Mar. 16, 2022, and did not file a status report certifying the close of all discovery. On March 19, 2025, Movants moved for a pre-motion conference in anticipation of a motion for summary judgment. Motion for a Pre-Motion Conference for an Application Under Fed. R. Civ. P. 56, Dkt. 79. On March 20, 2025, the Court denied Movants' request and set a briefing schedule for the anticipated motion for summary judgment. Order, dated Mar. 20, 2025. On June 11, 2025, Movants filed their fully briefed Motion. *See generally* Mot.; Opp'n; Reply. On June 13, 2025, Plaintiff submitted a letter to the Court explaining that she made corrections to the exhibit list in her Opposition, had requested Movants to submit her Opposition with those corrections, and was under the impression that Movants were going to submit her corrected exhibit list. Letter from Plaintiff to the Court (June 13, 2025), Dkt. 90. However, because the Movants had filed the old version of her Opposition, she requested that the Court instead consider her opposition filed on June 13, 2025, with the updated exhibit list. *Id.* Plaintiff represents that the amended exhibit list is the only edit. *Id.* Although Plaintiff did not indicate whether Movants opposed or objected to her requests, Movants did not file any opposition.

On January 27, 2026, the Court ordered Defendants to file a supplemental brief addressing why the Court may exercise subject-matter jurisdiction and, in particular, specifying how the

amount-in-controversy thresholds under 28 U.S.C. § 1332(a) and the MMWA are met.  Order, dated Jan. 27, 2026.  On January 30, 2026, Capital One[8] filed a supplemental memorandum. Defendants Capital One Auto Finance's Response to January 27, 2026 Text Order Regarding Jurisdiction, Dkt. 92 to 92-1, (the "Supplemental Memorandum" or "Suppl. Mem.").  Capital One explained the basis for how the amount-in-controversy threshold under 28 U.S.C. § 1332(a) was met and withdrew its statement for removal on the basis of federal question jurisdiction.  *Id.* ¶¶ 10-17, 27.

## DISCUSSION

### A.  Subject-Matter Jurisdiction

A federal court generally has subject-matter jurisdiction over a civil case if it has either federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*" *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).  In the context of a removed action, if subject-matter jurisdiction is lacking, the action must be remanded.  28 U.S.C. § 1447(c); *see also Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).  Capital One has conceded that there is no basis in federal question jurisdiction for removal, claiming that "the amount in controversy based on the claim for violation of the MMWA does not appear to be sufficiently quantifiable to meet the jurisdictional

---

[8] Capital One's Supplemental Memorandum did not provide an explanation for why Hillside Auto Mall or 161-10 Hillside Ave. Auto did not respond to the Court's January 27, 2026, order.

requirements." *See* Suppl. Mem. ¶ 27. Accordingly, the Court only addresses whether there is a basis for diversity jurisdiction.

For claims arising under diversity jurisdiction, complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, complete diversity of citizenship exists among the parties, *see* Notice of Removal ¶¶ 13-16, and is not at issue.

However, the amount-in-controversy requirement is not met. To establish the amount in controversy, a defendant must show a reasonable probability that the claim is for more than the jurisdictional amount. *See Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003); *Charles v. Costco Wholesale Corp.*, 416 F. Supp. 3d 167, 169 (E.D.N.Y. 2017); *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir. 1993) (explaining that the party asserting jurisdiction bears the burden of showing that the case is properly before the court). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

Capital One's Notice of Removal asserts that the Court has diversity jurisdiction because the matter in controversy exceeded $75,000, exclusive of interests and costs. Notice of Removal ¶¶ 12, 17 (citing Compl. ¶¶ 10, 72, 87, 95). In doing so, Capital One cites to the Complaint, however, Plaintiff alleges no monetary damages in her Complaint. Capital One does not deny that Plaintiff's Complaint lacks any facial claims as to damages. *See generally* Suppl. Mem. When ordered by the Court to explain the basis for diversity jurisdiction amount in controversy, Capital One categorized Plaintiff's claims for damages into actual damages, punitive damages, and treble damages. *Id.* ¶¶ 6-17. Solely for the purposes of calculating the amount in controversy, Capital

One asserts that Plaintiff's total potential recoverable damages as to Capital One are $30,871.80. *Id.* ¶ 7. Capital One further asserts that Plaintiff's claimed punitive damages may be considered for removal purposes and, "[u]sing a conservative 1:1.5 ratio of actual damages to punitive damages, the Complaint puts more than $77,000 at issue." *Id.* ¶ 11. Next, Capital One explains that Plaintiff can claim treble damages of up to $1,000 and $10,000 under New York General Business Law §§ 349 and 350, respectively. *Id.* ¶ 13-16. Thus, Capital One argues the amount in controversy exceeds $88,000. *Id.* ¶ 17.

Here, Plaintiff's actual damages ($30,871.80) in addition to the maximum treble damages she might recover ($11,000) only amount to $41,871.80, which does not meet the amount-in-controversy threshold. Thus, the Court must scrutinize Capital One's reliance on Plaintiff's claims for punitive damages on her claims for violation of NYUCC §§ 2-313 and 2-314, N.Y. Vehicle & Traffic Law § 417, and the MMWA, Compl. ¶¶ 51, 62, 72, 80, as a basis for reaching the amount-in-controversy threshold. When considering whether punitive damages count toward the amount-in-controversy threshold, a "trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d. Cir. 1972), *aff'd*, 414 U.S. 291 (1973); *see also Nwanza v. Time, Inc.*, 125 F. App'x 346, 348-49 (2d Cir. 2005). Specifically, "in computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (alteration in original) (quoting *Zahn*, 469 F.2d at 1033 n.1). "The courts' heightened scrutiny includes determining whether, given the facts alleged, damages are recoverable under state law. If the applicable law would not entitle the plaintiff to the sums claimed as punitive damages, such sums should be excluded in assessing the amount in

10

controversy." *Miller v. Eur. Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996) (citing *Zahn*, 469 F.2d at 1034); *see also Pyskaty*, 856 F.3d at 225 ("[P]unitive damages are recoverable under the MMWA if they would be recoverable in a breach-of-warranty action brought under governing state law.") (quoting *Pyskaty v. Wide World of Cars, LLC*, 15-cv-1600 (JCM), 2016 WL 828135, at \*6 (S.D.N.Y. Feb. 23, 2016), *rev'd on other grounds*, 856 F.3d 216 (2d Cir. 2017)).

Though Capital One states that "[p]unitive damages are recoverable for the claims alleging violation of NYUCC §§ 2-313 and 2-314, and the MMWA," Suppl. Mem. ¶ 9, Plaintiff's claims do not meet the punitive damages standard under New York law.  New York courts apply the same punitive damages standard applicable to breach-of-contract claims and breach-of-warranty claims. *Pyskaty*, 856 F.3d at 225.  That standard requires that: (1) the defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of an egregious nature; (3) the egregious conduct must be directed to the plaintiff; and (4) it must be part of a pattern directed at the public generally.  *See N.Y. Univ. v. Cont'l Ins.*, 662 N.E.2d 763, 767 (N.Y. 1995).  "In determining whether the fourth requirement is satisfied, the New York Court of Appeals has 'invoked [a] . . . distinction between "a gross and wanton fraud upon the public" and "an isolated transaction incident to an otherwise legitimate business,"' the latter of which does 'not constitute conduct aimed at the public generally.'"  *Pyskaty*, 856 F.3d at 226 (quoting *TVT Recs. v. Island Def Jam Music Grp.*, 412 F.3d 82, 95 (2d Cir. 2005)).

The facts alleged do not constitute conduct directed at the public generally and are not indicative of a broader pattern of conduct.  Rather, Plaintiff's Complaint alleges that she is entitled to punitive damages because, by "advertising a structurally damaged vehicle for sale to the general public and repeatedly misrepresenting its condition, accident history, and provenance, [Liberty and Hillside Auto Mall] engaged in conduct that was not purely private, but rather impacts important

11

public rights—guaranteed by statute—to safe, roadworthy vehicles." Compl. ¶ 35. Plaintiff only alleges one vehicle being advertised to the public, which is nothing more than an isolated transaction. *See, e.g.*, *Mayline Enters. v. Milea Truck Sales Corp.*, 641 F. Supp. 2d 304, 312 (S.D.N.Y. 2009) (finding that punitive damages were not recoverable because the allegation that the truck was held out for sale to the general public with an altered odometer still only proves a single incident of odometer alteration). Similarly, the incidental safety effects of Defendants' conduct here "does not constitute conduct directed at the public generally." *See Pyskaty*, 856 F.3d at 226 (quoting *TVT Recs.*, 412 F.3d at 95) (finding that the plaintiff's allegations that the vehicle was unsafe to drive and inoperable on public streets did not constitute conduct directed at the public generally).[9]

Consequently, Plaintiff's request for punitive damages as to her MMWA and New York breach-of-warranty claims do not count towards the amount in controversy and the threshold amount is not met. It was Capital One's burden upon removal to this Court to prove that the jurisdictional amount was met, and it did not do so. Accordingly, this Court lacks subject-matter jurisdiction to decide the claims before it.

### B. Plaintiff's Cross-Motion for Summary Judgment, Request for Sanctions, and Motion for Default Judgment

Because the Court determines that it lacks subject-matter jurisdiction, it cannot reach the issues Plaintiff raises her cross-motion for summary judgment, Opp'n at 39-41, motion for

---

[9] To the extent that Plaintiff argues that she has produced evidence "showing that Hillside Auto Outlet has engaged in a pattern of deceptive conduct affecting multiple consumers [and p]ublicly available reviews on platforms such as Yelp, and DealerRater, consistently describe similar allegations of misconduct," Opp'n at 23-24, this raises hearsay and authenticity evidentiary issues. These allegations were not included in her Complaint and do not clearly "evince[] [the] high degree of moral turpitude and demonstrate[] such wanton dishonesty as to imply a criminal indifference to civil obligations" by Defendants that is contemplated by the high bar required to assert punitive damages. *Walker v. Sheldon*, 179 N.E.2d 497, 499 (N.Y. 1961); *see also Ross v. Louise Wise Svcs., Inc.*, 868 N.E.2d 189, 196 (N.Y. 2007).

12

sanctions pursuant to Federal Rule of Civil Procedure 11(c)(3), *id.* at 41-43, and motion for default judgment as to Liberty, *id.* at 43-44.

## CONCLUSION

For the foregoing reasons, this Court lacks subject-matter jurisdiction.  This action is dismissed for lack of subject-matter jurisdiction and is remanded to the Supreme Court of New York State, Queens County, under Index No. 713716/2021.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

March 8, 2026
Brooklyn, New York

13